BENEDICT O'MAHONEY (Bar No.152447)
TERRA LAW LLP
177 Park Avenue, Third Floor
San Jose, California 95113
Telephone:  408-299-1200
Facsimile:  408-998-4895
Email:  bomahoney@terralaw.com

JONATHAN T. SUDER (*Pro Hac Vice To Be Filed*)
CORBY R. VOWELL (*Pro Hac Vice To Be Filed*)
TODD I. BLUMENFELD (*Pro Hac Vice To Be Filed*)
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas  76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email: jts@fsclaw.com
Email:  vowell@fsclaw.com
Email:  blumenfeld@fsclaw.com

Attorneys for Plaintiff
SOFTVAULT SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SOFTVAULT SYSTEMS, INC., <br><br>          Plaintiff, <br><br>          vs. <br><br>SOPHOS INC., <br><br>          Defendant. | CASE NO. <br><br>**COMPLAINT FOR INFRINGEMENT OF** <br>**U.S. PATENT NOS. 6,249,868 AND 6,594,765** <br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR INFRINGEMENT OF PATENT

1   Plaintiff SOFTVAULT SYSTEMS, INC. files its Complaint against Defendant SOPHOS
2   INC., alleging as follows:

3   **THE PARTIES**

4   1.   Plaintiff SOFTVAULT SYSTEMS, INC. ("SoftVault") is a corporation organized
5   and existing under the laws of the State of Washington with its principle place of business in the
6   State of Washington.

7   2.   Upon information and belief SOPHOS INC. ("SOPHOS") is a corporation
8   organized and existing under the laws of the State of Massachusetts, with its principal place of
9   business in Burlington, Massachusetts. SOPHOS may be served with process through its
10  registered agent, CT Corporation System at 818 West Seventh Street, 2nd Floor, Los Angeles, CA
11  90017.

12  **JURISDICTION AND VENUE**

13  3.   This is an action for infringement of United States patents. This Court has
14  exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

15  4.   Upon information and belief, SOPHOS is subject to personal jurisdiction by this
16  Court. SOPHOS has committed such purposeful acts and/or transactions in the State of
17  California that it reasonably knew and/or expected that it could be hailed into a California court
18  as a future consequence of such activity. SOPHOS makes, uses, and/or sells infringing products
19  within the Northern District of California and has a continuing presence and the requisite
20  minimum contacts with the Northern District of California, such that this venue is a fair and
21  reasonable one. Upon information and belief, SOPHOS has transacted and, at the time of the
22  filing of this Complaint, is continuing to transact business within the Northern District of
23  California. For all of these reasons, personal jurisdiction exists and venue is proper in this Court
24  under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) and 28 U.S.C. § 1400(b).

25  **PATENTS-IN-SUIT**

26  5.   On June 19, 2001, United States Patent No. 6,249,868 BI ("the '868 Patent") was
27  duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED,
28  COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX

---
COMPLAINT FOR INFRINGEMENT OF PATENT

1  SYSTEMS." A true and correct copy of the '868 Patent is attached hereto as Exhibit A and
2  made a part hereof.
3        6.      On July 15, 2003, United States Patent No. 6,594,765 B2 ("the '765 Patent") was
4  duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED,
5  COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX
6  SYSTEMS." A true and correct copy of the '765 Patent is attached hereto as Exhibit B and
7  made a part hereof.
8        7.      The '868 Patent and the '765 Patent are sometimes referred to herein collectively
9  as "the Patents-in-Suit."
10       8.      As it pertains to this lawsuit, the Patents-in-Suit, very generally speaking, relate to
11 a method and system of protecting electronic, mechanical, and electromechanical devices and
12 systems, such as for example a computer system, and their components and software from
13 unauthorized use. Specifically, certain claims of the '868 and '765 Patents disclose the
14 utilization of embedded agents within system components to allow for the enablement or
15 disablement of the system component in which the agent is embedded. The invention disclosed
16 in the Patents-in-Suit discloses a server that communicates with the embedded agent through the
17 use of one or more handshake operations to authorize the embedded agent. When the embedded
18 agent is authorized by the server, it enables the device or component, and when not authorized
19 the embedded agent disables the device or component.

20               **FIRST CLAIM FOR RELIEF**
21                 **(Patent Infringement)**
22       9.      SoftVault repeats and realleges every allegation set forth above.
23       10.     SoftVault is the owner of the Patents-in-Suit with the exclusive right to enforce
24 the Patents-in-Suit against infringers, and collect damages for all relevant times, including the
25 right to prosecute this action.
26       11.     Upon information and belief, SOPHOS is liable under 35 U.S.C. §271(a) for
27 direct infringement of the Patents-in-Suit because it manufactures, makes, has made, uses,
28

---
COMPLAINT FOR INFRINGEMENT OF PATENT

1 practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and/or
2 systems that practice one or more claims of the Patents-in-Suit.

3      12.    More specifically, SOPHOS infringes the Patents-in-Suit because it makes, uses,
4 sells, and offers for sale products and systems which prevent unauthorized use of a computer
5 system through the ability to enable or disable the operation of a device's components utilizing
6 an authorization process performed by an embedded agent in the component device and a server.
7 By way of example only, SOPHOS's Mobile Control Software, sold individually or in
8 combination with its Complete Security Suite, at a minimum, in the past directly infringed and
9 continues to directly infringe at least claims 1 and 44 of the '868 Patent, as well as at least claim
10 9 of the '765 Patent.

11     13.    SOPHOS's Mobile Control Software includes the capability to enable or disable a
12 mobile device, such as a tablet or smart phone, to prevent misuse of the system. The SOPHOS
13 Mobile Control Software includes an agent (the "Mobile Control client software") that is
14 installed and embedded within a mobile device and communicates with a SOPHOS server (the
15 "Mobile Control Server").  This communication includes a series of message exchanges,
16 memorialized by authentication certificates, constituting a handshake operation between the
17 Mobile Control Server and the Mobile Control client software. Through these exchanges the
18 server and the embedded agent mutually authenticate one another, resulting in the authorization
19 of a device in which the Mobile Control client software is embedded. When the agent is
20 authorized by the server, the mobile device operates normally and when the agent is not
21 authorized, the mobile device is remotely locked, wiped, and/or disabled.

22     14.    SOPHOS has actual notice of the Patents-in-Suit at least as early as the filing of
23 this Complaint.

24     15.    SoftVault has been damaged as a result of SOPHOS's infringing conduct.
25 SOPHOS is, thus, liable to SoftVault in an amount that adequately compensates SoftVault for
26 SOPHOS's infringement, which, by law, cannot be less than a reasonable royalty, together with
27 interest and costs as fixed by this Court under 35 U.S.C. § 284.
28

---
COMPLAINT FOR INFRINGEMENT OF PATENT

**PRAYER FOR RELIEF**

SoftVault requests that the Court find in its favor and against SOPHOS, and that the Court grant SoftVault the following relief:

a. Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by SOPHOS;

b. Judgment that SOPHOS account for and pay to SoftVault all damages to and costs incurred by SoftVault because of SOPHOS's infringing activities and other conduct complained of herein;

c. That SOPHOS, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the Patents-in-Suit. In the alternative, if the Court finds that an injunction is not warranted, SoftVault requests an award of post judgment royalty to compensate for future infringement;

d. That SoftVault be granted pre-judgment and post-judgment interest on the damages caused to it by reason of SOPHOS's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award SoftVault its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f. That SoftVault be granted such other and further relief as the Court may deem just and proper under the circumstances.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

___

COMPLAINT FOR INFRINGEMENT OF PATENT

DATED: July 16, 2014.

/s/ Benedict O'Mahoney

Benedict O'Mahoney
(Bar No.152447)
TERRA LAW
177 Park Avenue, Third Floor
San Jose, California 95113
Telephone:  408-299-1200
Facsimile:  408-998-4895
Email:  bomahoney@terralaw.com

Attorney for Plaintiff
SOFTVAULT SYSTEMS, INC.

Of Counsel:

Jonathan T. Suder
Corby R. Vowell
Todd Blumenfeld
  FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas  76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email:  jts@fsclaw.com
Email:  blumenfeld@fsclaw.com
Email:  vowell@fsclaw.com

4818-1892-0732, v.  1

---

COMPLAINT FOR INFRINGEMENT OF PATENT